# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42442-2014

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF: | ) ) ) ) | Boise, December 2014 Term |
|  | ) | 2015 Opinion No. 11 |
| JANE DOE (2014-22), | ) ) | Filed: January 26, 2015 |
| Respondent-Appellant, | ) ) ) | Stephen W. Kenyon, Clerk |

Appeal from the Magistrate Court of the Third Judicial District of the State of Idaho, in and for Payette County. Hon. Brian D. Lee, Magistrate Judge.

The judgment of the magistrate court is affirmed.

Virginia Bond, Bond Law Chtd., Payette, submitted a brief on behalf of appellant.

Brent R. King, Deputy Attorney General, Caldwell, submitted a brief on behalf of respondent.

---

EISMANN, Justice.

This is an appeal out of Payette County from a judgment terminating the appellant's parental rights in her child. We affirm the judgment of the magistrate court.

## I.
## Factual Background.

On August 15, 2012, Jane Doe's three-year-old son was found wandering in a truck stop parking lot, where trucks were entering and leaving. He had walked from a recreational vehicle 1.9 miles away, where Jane Doe and her boyfriend were living. When the police went to the recreational vehicle, they observed that there was insufficient food appropriate for a child. Jane Doe gave conflicting accounts as to why the child had been unsupervised. The police declared the child in imminent danger and took him into shelter care. The following day, proceedings involving the child were commenced under the Child Protective Act, I.C. §§ 16-1601 to 16-1643.

Pursuant to a stipulation of the parties, the magistrate court entered a decree on September 7, 2012, finding that the child came within the purview of the Act and vesting legal custody of the child in the Idaho Department of Health and Welfare for an indeterminate time not to exceed the child's eighteenth birthday. On September 26, 2012, the Department filed a case plan which set forth tasks to be accomplished by Jane Doe for the purpose of reuniting Jane Doe with her son.

The attempt at reunification was not successful, and on May 2, 2014, the Department filed a petition to terminate Jane Doe's parental rights in her son. The termination proceedings were set for an evidentiary hearing to commence on August 5, 2014. On that date, Jane Doe did not appear, but her attorney was present. He stated that he had spoken with Jane Doe the prior afternoon and she was equivocal as to whether she would attend the evidentiary hearing. The court then proceeded with the evidentiary hearing.

On August 7, 2014, the magistrate court entered findings of fact and conclusions of law. On the same date, it entered a document titled "Decree," which purported to terminate Jane Doe's parental rights. However that decree did not comply with Rule 54(a) of the Idaho Rules of Civil Procedure, and it therefore did not constitute a final judgment. On August 21, 2014, Jane Doe filed a notice of appeal.

On September 12, 2014, the magistrate court entered more detailed findings of fact and conclusions of law. Based upon the facts found, the magistrate court concluded, by clear and convincing evidence, that Jane Doe had neglected her son and that it was in the child's best interests to have Jane Doe's parental rights terminated. On the same date, the court entered a document titled "Amended Decree." However, the amended decree also did not comply with Rule 54(a), and so it did not constitute a final judgment terminating Jane Doe's parental rights. On September 24, 2014, the court entered a document titled "Second Amended Judgment," which complied with Rule 54(a) and terminated Jane Doe's parental rights in her son.

## II.
### Did the Magistrate Court Err in Entering Jane Doe's Default?

Jane Doe contends that the magistrate court entered default against her for her failure to be present at the evidentiary hearing and that it erred in doing so because she was not given the three-day notice required by Rule 55 of the Idaho Rules of Civil Procedure. The court did not enter Jane Doe's default.

In its document titled "Findings of Fact Conclusions of Law and Decree," the court wrote:

> That the termination of the parent-child relationship between [Jane Doe], parent and [her son], child, is justified on the grounds that said parent failed to appear for the scheduled termination hearing and failed to plead or otherwise defend against the Petition for Termination after notice was given. Such failure to appear or defend or plead constitutes a basis for the entry of a default judgment pursuant to Rule 55 of the Idaho Rules of Civil Procedure.

This paragraph did not constitute the entry of default against Jane Doe. Merely stating that the court believed Jane Doe's failure to be present at the evidentiary hearing "constitutes a basis for the entry of default" does not constitute the entry of default. *Pierce v. McMullen*, 156 Idaho 465, 470, 328 P.3d 445, 450 (2014). The entry of default requires the filing of a document stating that default was entered against the party. *Id*. That did not occur in this case.

Before a final judgment was entered in this case, the magistrate court apparently recognized its error, and on September 12, 2014, it entered more detailed findings of fact and conclusions of law which did not mention any purported default by Jane Doe. Therefore, the court did not base its decision upon the belief that it could enter default against Jane Doe for her failure to attend the evidentiary hearing.

### III.
### Did the Magistrate Court Err in Failing to Find Grounds for Termination by Clear and Convincing Evidence?

"The trial court must find that grounds for terminating parental rights have been proved by clear and convincing evidence." *Dep't. of Health and Welfare v. Doe*, 149 Idaho 207, 210, 233 P.3d 138, 141 (2010). Citing the findings of fact initially entered by the magistrate court on August 7, 2014, Jane Doe argues that the court failed to make the required findings of fact by clear and convincing evidence.

Jane Doe is correct that the initial findings of fact make no mention of having found the necessary facts by clear and convincing evidence. However, in the findings of fact that the court entered on September 12, 2014, the court expressly found that the grounds for termination were proved by clear and convincing evidence.

A court may terminate a parent-child relationship if the court finds that termination is in the child's best interests and one of the statutory conditions exists. I.C. § 16-2005(1). In this

3

case the magistrate court expressly found by clear and convincing evidence that termination was in the best interests of the child. In its September findings of fact, it stated that "the termination of the parent-child relationship is in the best interest of the above mentioned child *by clear and convincing evidence*." (Emphasis added.)

The court found that two of the statutory conditions existed. One of the conditions was that Jane Doe neglected the child because he was "without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omission of [Jane Doe]," as provided in Idaho Code section 16-2002(3)(a), which incorporates the definition in Idaho Code section 16-1602(28). The court expressly found that termination was "justified on the grounds that said parent neglected said child, as defined in section 16-2002(3)(a), and 16-1602(28), Idaho Code *by clear and convincing evidence*." (Emphasis added.) The court also found that Jane Doe neglected the child because she failed to comply with the case plan, the Department had custody of the child for fifteen of the recent twenty-two months, and reunification had not occurred by the last day of the fifteen-month period, as provided in Idaho Code section 16-2002(3)(b). The court expressly found that termination was justified "on the grounds that said parent neglected said child, as defined in section 16-2002(3)(b), Idaho Code, *by clear and convincing evidence*." (Emphasis added.) Thus, the court did not err in failing to find the grounds for termination by clear and convincing evidence.

## IV.
**Were the Magistrate Court's Findings Supported by Substantial and Competent Evidence?**

"In an action to terminate parental rights where a trial court has noted explicitly and applied a clear and convincing standard, an appellate court will not disturb the trial court's findings unless they are not supported by substantial and competent evidence." *State v. Doe*, 144 Idaho 534, 535, 164 P.3d 814, 815 (2007). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Anderson v. Harper's, Inc.*, 143 Idaho 193, 195, 141 P.3d 1062, 1064 (2006). "It is the province of the trial court to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence." *KMST, LLC v. Cnty. of Ada*, 138 Idaho 577, 581, 67 P.3d 56, 60 (2003).

4

Jane Doe cites various statements in reports filed by the Department prior to the evidentiary hearing held on August 5, 2014, and concludes that "the Department's allegations of neglect have little probative value." Jane Doe does not mention any of the evidence that was presented at the evidentiary hearing; she does not point to any lack of evidence at that hearing; she does not mention the magistrate court's findings of fact filed on September 12, 2014; and she does not identify any findings that were allegedly unsupported by substantial and competent evidence.

The magistrate court found that the three times Jane Doe's son was placed back in her home ended prematurely—the first time with her leaving the child with someone who called police because she could not care for him, the second time with Jane Doe being incarcerated, and the third time with her being arrested. The court also found, among other failings, Jane Doe did not become financially stable because her reported income "included income from forgery, prostitution, and drug dealing"; that "[d]uring the time [Jane Doe's son] has been in foster care, [Jane Doe] has been incarcerated at least five times"; that "[d]uring the time [her son] has been in foster care, [Jane Doe] did not achieve stable housing as she has moved more than ten times during the case" and was homeless since being released from incarceration; and that she did not complete her case plan.

With respect to the best interests of Jane Doe's child, she stated in her Appellant's Brief that a court may consider various factors including

> whether the parent has the ability to change his or her conduct to assume parental responsibilities, whether the parent has provided financial support, whether there is a good relationship between the child and foster parent, whether the child has improved in foster care, whether the child's needs are being met, the child's need for stability and certainty, and the parent's employment status and history.

The magistrate court found that Jane Doe's son "has been in the legal custody of the Department of Health and Welfare for twenty-four months and is in need of stability"; that Jane Doe "has a history and pattern of instability in her life, showing that she will not be able to parent [the child] in the foreseeable future"; that she "did make some progress on her case plan, [but] she failed the major aspects of the plan and failed to change her parenting"; that her "lack of motivation to change is shown by her failure to attend her own trial which would decide the issue of whether to terminate her parental rights"; and that the child "is doing well in his foster parent's home and has been provided the structure he needs." Jane Doe does not present any

5

argument that these findings are insufficient to show that termination of her parental rights is in the child's best interests.

Jane Doe has failed to show that the magistrate court erred in terminating her parental rights.

**IV.**
**Conclusion.**

We affirm the judgment of the magistrate court, and we award respondent costs on appeal.

Chief Justice BURDICK, Justices J. JONES, HORTON and Justice Pro Tem WALTERS **CONCUR.**