IN THE COURT OF APPEALS OF THE STATE OF IDAHO

| | | |
|---|---|---|
| IN THE INTEREST OF: DOE CHILDREN, Minor Children Under the Age of Eighteen (18) Years. | ) ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Docket No. 43271 |
| | ) | 2015 Opinion No. 67 |
| Petitioner-Respondent, | ) ) | |
| | ) | Filed: October 20, 2015 |
| v. | ) ) | |
| | ) | Stephen W. Kenyon, Clerk |
| JOHN DOE (2015-08), | ) ) | |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Rick L. Bollar, Magistrate.

Final judgment granting petition for termination of parental rights, affirmed in part, reversed in part, and case remanded.

Clayne S. Zollinger, Jr., Rupert, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Twin Falls, for respondent.

_____

HUSKEY, Judge

John Doe (the father)[1] appeals from the magistrate's decree terminating his parental rights as to his four children. Doe alleges on appeal that the magistrate erred in terminating his rights by default, and by denying a motion to set aside the default. For the reasons set forth below, we affirm in part, reverse in part, and remand.

---

[1]     The mother has not appealed the termination order.

# I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2013, Doe's four children[2] were removed from the family home for neglect and a lack of stable home environment, in addition to allegations of drug use and domestic violence between Doe and the children's mother. The children were placed in foster care and a case plan was ordered in December 2013. After the children had been in foster care for more than fifteen months, the Department of Health and Welfare (Department) recommended termination of Doe's parental rights due to lack of progress in completing the case plan.[3] In March 2015, the Department filed a motion and petition for termination of parent-child relationship, and the evidentiary hearing was scheduled in April 2015. The petition alleged that Doe failed to complete his drug treatment; emotionally and physically support his children, which included fighting with the children's mother in front of them; provide adequate housing; and attend school conferences. In addition, the petition alleged that Doe missed scheduled visits with the children and continued to test positive for illegal drugs. Neither parent appeared at the termination evidentiary hearing, and attorneys for both parents represented that there had been no contact with their clients since the last hearing. The Department made an oral motion for default judgment and the court granted the motion on the record. The trial court did not file a written order of entry of default or order of default judgment.

After orally granting the motion for entry of default, the court did not hold a termination evidentiary hearing, and the Department did not put on its prima facie case for termination. No witnesses offered testimony, and the Department did not admit any evidence or exhibits. In addition, the court did not state on the record that it was ordering termination of Doe's parental rights, nor did it make findings of fact or conclusions of law. Rather, the Department indicated that it would prepare the findings of fact and conclusions of law for the court's review. The court accepted the Department's findings of fact and conclusions of law, and signed and filed the decree. Three days after that hearing, Doe filed a motion to set aside default because notice of the termination hearing was sent to the wrong address. The State opposed the motion because

---

[2]    The termination proceedings involved a fifth child but Doe is not the biological father of that child and that child is not at issue in this appeal.

[3]    The minutes of a review hearing on March 2, 2015, indicate that a permanency hearing was scheduled for August 31, 2015.

both parents received personal service of the relevant pleadings prior to the termination hearing. At the hearing on the motion to set aside default, Doe was present and argued that he was confused about the process and that he thought the next hearing was scheduled for August 2015 as indicated on the record in the March hearing. He further argued that he wanted to continue to work the case plan, and that he was making progress on the case plan by working fulltime, complying with drug treatment, and having clean drug tests. Doe asked the court to set another termination hearing so that he could present evidence in opposition to the termination petition. The trial court entered an order denying the motion to set aside the default.

The findings of fact, conclusions of law, and decree indicate that the court proceeded in default for Doe's failure to attend the hearing and concluded that the allegations in the petition would be considered to be true based on the record of the investigation, proceedings of the case plan, and recommendations of the Department. Doe appeals the decision to grant default and to deny the motion to set aside the default,[4] and the order terminating his parental rights.

## II.

## STANDARD OF REVIEW

In an action to terminate parental rights, due process requires this Court to determine if the magistrate's decision was supported by substantial and competent evidence. *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. at 345-46, 144 P.3d at 599-600. This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). We conduct an independent review of the record that was before the magistrate. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). *See also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible

---

[4] On appeal, both Doe and the Department argue that a default judgment was entered, however, the trial court ordered "default" without ordering a "default judgment" and no judgment was entered by the trial court.

family life should be strengthened and preserved . . . ." Idaho Code § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). The parents' liberty interest is protected by the requirements of a hearing (I.C. § 16-2007(1)) at which the grounds for terminating a parent-child relationship must be established by clear and convincing evidence. *Doe* at 386, 146 P.3d at 652. Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when any one of the statutory factors exist. *Doe,* 144 Idaho at 842, 172 P.3d at 1117.

Idaho Rule of Civil Procedure 55(a)(1) provides that the court may enter default against a party who has failed to plead or defend the action, and default judgment may be entered pursuant to I.R.C.P. 55(b)(2). However, when the party has appeared in the action, the entry of default and default judgment is not proper unless the party has been served with written notice by the moving party three days prior to the hearing on the application for default. I.R.C.P. 55(a)(1); 55(b)(2). A motion to set aside a default or default judgment may be made pursuant to I.R.C.P. 60(b). A trial court's order granting or denying a motion to set aside a default judgment will be reviewed under the abuse of discretion standard. *Cuevas v. Barraza*, 146 Idaho 511, 514, 198 P.3d 740, 743 (Ct. App. 2008).

### III.

### ANALYSIS

#### A.    Motion to Set Aside Default

Doe alleges that the trial court erred in denying his motion to set aside the default judgment pursuant to I.R.C.P. 60(b). Idaho Rule of Civil Procedure 60(b) provides that a judgment or order (default, in this case) may be set aside for a number of reasons including "mistake, inadvertence, surprise, or excusable neglect" when good cause is shown. In order to show good cause, a party must present a meritorious defense by pleading facts which, if established, would constitute a defense to the action. *Dorion v. Keane*, 153 Idaho 371, 374, 283 P.3d 118, 121 (Ct. App. 2012). A trial court's order granting or denying a motion to set aside a default judgment will be reviewed under the abuse of discretion standard. *Cuevas*, 146 Idaho at 514, 198 P.3d at 743.

The entry of default and the entry of a default judgment require more than a court's oral statement that default is being entered against a party. *Pierce v. McMullen*, 156 Idaho 465, 470,

4

328 P.3d 445, 450 (2014). A recognizable order for the entry of default or default judgment requires a written judgment filed by the court pursuant to I.R.C.P. 58(a) and 5(e). *Pierce*, 156 Idaho at 470, 328 P.3d at 450. In the absence of a filed written entry of default pursuant to I.R.C.P. 55(a)(1) and a filed written default judgment, there cannot be a default judgment pursuant to I.R.C.P. 55(b)(2). *Pierce*, 156 Idaho at 470, 328 P.3d at 450.

The Idaho Supreme Court recently applied this rule in *In re Doe* (2014-22), 157 Idaho 955, 956-57, 342 P.3d 667, 668-669 (2015) where a magistrate held a termination evidentiary hearing in the absence of Jane Doe and initially indicated in the findings of fact that termination was justified because Doe did not appear at the hearing. The magistrate later amended the termination order to reflect the factual findings that justified the termination of parental rights without reference to Doe's failure to appear at the hearing and the purported default. *Id*. at 957, 342 P.3d 669. The Court determined that the magistrate's statement about entering default did not amount to the entry of default or a default judgment under I.R.C.P. 55 because there was not a written order reflecting the entry of default and the default did not serve as the factual justification for the termination. *Doe*, 157 Idaho at 957, 342 P.3d 669.

In this matter, the court did not file a written order for the entry of default or a default judgment, and under *Pierce* and *In re Doe* (2014-22), there was not an order or judgment that could be set aside at the time Doe filed a motion to set aside the default judgment.

The court denied the motion to set aside default on the basis that Doe had been personally served with notice of the termination proceeding. Additionally, the record shows that the court and the parties believed that the termination was ordered due to Doe's default and failure to appear at the hearing. Doe sought to set aside the default because counsel sent the termination petition, summons, and notice of hearing to the wrong address. In response, the State provided documentation that Doe received personal service of those documents. At the hearing, Doe further argued that he did not appear because he was confused due to the August hearing date previously scheduled, that he was at work and forgot about the hearing, but that he was continuing to make progress on the case plan.

The trial court determined that Doe had not made a showing of excusable neglect because Doe had been personally served with the relevant documents and did not contest that service was proper. While that may be true, it is not the notice of the termination proceeding that is at issue. Instead, in order for default to be entered, Doe would have had to receive notice of the request

5

for default, which was never filed. As such, it was improper for the court to enter default pursuant to I.R.C.P. 55(b)(2) without establishing that Doe had received three days' notice of the request to proceed in default.

The court further denied the request to set aside the default, although not clearly articulated as such, on the grounds that there was no meritorious defense, finding that Doe had been less than vigilant in making progress on the case plan and that further delay was not in the best interests of the children. Finally, the court stated that the record supported the finding that termination was appropriate. It is unclear what record the court was relying upon, as there was no testimony or evidence submitted by the Department in support of the termination proceeding, and the court did not make specific findings on the record as to the grounds for terminating parental rights or whether the best interests of the children would be served by the termination.

Where a court properly denies a motion but denies that motion on an improper basis, the denial will be upheld where there is a proper basis for the denial of the motion. *Franklin Bldg. Supply Co. v. Hymas*, 157 Idaho 632, 642, 339 P.3d 357, 367 (2014). We hold that the trial court did not abuse its discretion in denying the motion to set aside the default because there was not an order or judgment that could be set aside. However, even though we hold that there was not a filed order of default that could be set aside, it was error for the magistrate to proceed in default where Doe had not been given three days' notice of the motion for default as required by I.R.C.P. 55(a)(1) and (b)(2). The court further erred in proceeding to disposition of the termination petition solely on the entry of default where there was no evidence adduced on which the court could conclude either that a statutory ground for termination was established or that it was in the best interests of the children to terminate the parental relationship.

B. **Entry of Default**

Doe alleges that the trial court erred by entering a default when he failed to appear at the termination evidentiary hearing in April 2015 because he was represented by counsel, had appeared at other hearings, and he was not provided a three-day written notice pursuant to I.R.C.P. 55(b)(2). Doe further argues that the court erred in issuing the termination decree without holding a hearing or admitting evidence to support the termination order.

Generally, I.R.C.P. 55(a)(1) provides that the court may enter default against a party who has failed to plead or defend the action, and default judgment may be entered pursuant to I.R.C.P. 55(b)(2). However, when the party has appeared in the action, the entry of default and

6

default judgment is not proper unless the party has been served with written notice by the moving party three days prior to the hearing on the application for default. I.R.C.P. 55(a)(1); 55(b)(2). A default judgment entered without the requisite three-day notice is voidable. *Meyers v. Hansen*, 148 Idaho 283, 288, 221 P.3d 81, 86 (2009).

### 1. Three-day notice

Doe argues that the entry of default was improper because he was not provided the required three-day notice before default was entered. On appeal, the Department does not address whether Doe was entitled to three-day notice; rather, it simply argues that Doe did not file a responsive pleading and that the merits of the case justify the entry of default.

The record supports the Department's claim that Doe did not respond to the motion and petition for termination of parent-child relationship. Doe did not file a responsive pleading, he did not appear for the termination hearing, and his attorney represented to the court that Doe had not maintained contact. The Department's oral motion for default was based upon these facts, and the court granted this motion on the record based on these facts. The record does not indicate that the Department provided Doe or his attorney with any notice of its intent to proceed in default at the termination hearing.

We hold that the entry of default on these facts, without the three-day notice to Doe, was improper. Doe had appeared for all hearings in the child protection action, including the review hearing in March 2015 where the court scheduled the next hearing for August 2015. In addition, Doe was represented by counsel at all hearings leading up to the termination hearing. Finally, while Doe was personally served with notice of the termination hearing, he was given no notice that the Department would be seeking default. Notice of the request for default could have been served upon counsel, which would have satisfied the requirements of I.R.C.P. 55(b)(2). Had such service been made, the court could have proceeded in Doe's absence. Because service of the Department's intent to take default was not made, the trial court erred when it granted the Department's oral motion to proceed in default due to Doe's failure to appear and defend against the termination petition. For these reasons, we reverse the trial court's decision to enter default against Doe.

### 2. Default in termination proceedings

In general civil proceedings, I.R.C.P. 55 allows a court to enter judgment against a party without consideration of the merits when there is a proper showing that the party failed to plead

7

or defend a matter. Idaho Juvenile Rule 29 makes clear that the Idaho Rules of Civil Procedure apply to Child Protection Act (C.P.A.) actions only to the extent that the Idaho Rules of Civil Procedure are not inconsistent with the C.P.A. rules, statutes, or the law. Idaho Rule of Civil Procedure 55(a)(1) is not inconsistent with any of the rules governing termination proceedings and thus, with the appropriate notice, default can be entered against a non-appearing party. However, I.R.C.P. 55(b)(2) allows the court, in its discretion, to hold a hearing ("If, in order to enable the court to enter judgment . . . the court may conduct such hearings . . . as it deems necessary . . . .") prior to entering default judgment. There is no such discretion with regard to the hearing requirement before entering a decree terminating parental rights. Idaho Juvenile Rule 48 requires the court to conduct a termination proceeding and to consider admissible evidence in support of the Department's petition for termination.

Unlike general civil proceedings, where no proof is required before entering a default judgment against the non-appearing or defending party, in cases in which the Department is moving to terminate parental rights, the court cannot proceed to disposition on the default unless or until the Department establishes the basis for terminating parental rights and the court finds that terminating the parental relationship is in the best interest of the child. Both determinations must be established by clear and convincing evidence. *See* I.C. § 16-2005. This is true even when a parent fails to appear at the termination hearing and default is entered. These requirements imposed on the Department fulfill both the statutory and Due Process Clause requirements that protect the parent's fundamental liberty interest in maintaining a relationship with his or her child.

In termination proceedings, a parent's failure to appear or defend against a termination petition does not excuse the Department from presenting clear and convincing evidence of the grounds to terminate the parental rights. If the court finds that a statutory basis has been established, the court must then determine whether clear and convincing evidence further establishes it is in the best interest of the child to terminate the parental relationship. *Doe v. Doe*, 148 Idaho 243, 246, 220 P.3d 1062, 1065 (2009). *See also* I.J.R. 48 and I.C. §§ 16-2005; 16-2007(2); 16-2009. As such, a court cannot enter an I.R.C.P. 55 default judgment, in lieu of a termination hearing, where no evidence has been presented. The parent's failure to appear cannot, in and of itself, be the basis for terminating the parental rights as the failure to appear is not one of the statutory bases for terminating parental rights. *See* I.C. § 16-2005.

We hold that while I.R.C.P. 55 allows an entry of default in a termination proceeding, it does not permit the entry of judgment (a decree terminating parental rights) against the non-appearing party unless the Department has established the grounds for termination and the court finds termination is in the best interest of the child by clear and convincing evidence.

**C.  Termination of Doe's Parental Rights**

Doe also challenges the trial court's findings and order terminating his parental rights arguing that order was not supported by clear and convincing evidence. The Department asserts that termination was proper because Doe failed to appear and rebut any of the facts asserted in the petition.

A court may terminate a parent-child relationship if the court finds that one of the statutory conditions set forth in I.C. § 16-2005(1) exists and termination of the parental relationship is in the child's best interest. *In re Doe*, 157 Idaho 694, 700, 339 P.3d 755, 761 (2014). The trial court in this case determined that the statutory condition at issue was neglect pursuant to I.C. § 16-2005(1)(b). A finding that neglect has occurred is a question of fact that must be established by clear and convincing evidence. *In re Doe*, 157 Idaho at 700, 339 P.3d at 761 (citing *In re Doe*, 156 Idaho 103, 110, 320 P.3d 1262, 1269 (2014)).

The trial court may grant an order terminating parental rights upon consent of the parent, or following a hearing after personal service to the parent(s) whose rights the Department seeks to terminate. *See* I.C. §§ 16-2005(4); 16-2007(2). Idaho Code § 16-2009 provides that the court, at a termination hearing, can admit and rely on "relevant and material information . . . contained in reports, studies or examinations." However, the statute requires such information to be admitted into evidence, and the person issuing the report or study must be made available for direct and cross-examination. *Id*. Idaho Juvenile Rule 48 requires that petitions for termination shall be filed in the child protection proceeding file but that, during the hearing on the termination petition, the Department must meet its burden of proof, clear and convincing evidence, through the use of evidence that is admissible pursuant to the Idaho Rules of Evidence. That rule states, "[N]o part of the court's record in the proceeding under the Child Protective Act may be used for purposes of meeting the petitioner's burden of proof in the trial . . . unless the part offered is admissible under the Idaho Rules of Evidence, or unless the parties stipulate to its admission." I.J.R. 48. *See also In re Doe* (2011-17), 152 Idaho 953, 956 n.1, 277 P.3d 400, 403

9

n.1 (Ct. App. 2012). It is through this process that the trial court ensures that a parent's fundamental right to parent a child and the right to due process is protected.

There is nothing in I.C. §§ 16-2005, 16-2007(2), 16-2009, or I.J.R. 48 that relaxes the Department's burden of proof when a parent does not appear at the termination hearing. Even when a trial court conducts a termination evidentiary hearing in the absence of a parent, or when the parent is considered to be in default, the Department must meet its burden that clear and convincing evidence exists to support the termination order.

In this case, the Department did not admit, or seek to admit, any evidence or provide a record of any kind that would show clear and convincing evidence existed to support the finding of termination. In addition, nothing in the record indicates that the trial court required the Department to present evidence in support of the termination petition. Further, the Department prepared the findings of fact, conclusions of law, and decree without the trial court making any oral findings about what evidence it relied on to find that termination was appropriate. While the decree states that the termination order was based on the court's review of the file and knowledge of the Department's investigation and status of Doe and his children, this is prohibited pursuant to I.J.R. 48, and thus is insufficient to support the termination decree. Idaho Juvenile Rule 48 plainly states that the Department and the trial court cannot rely on the child protection action file to meet the burden of proof in the termination proceeding unless that part of the record is offered and admitted or the parties stipulate to its admission. Here, the decree indicates that the court's decision is based upon review of the file which is improper under I.J.R. 48.

Doe is correct that the termination order is not supported by substantial and competent evidence and that the Department has not met its burden of proof under the clear and convincing standard. The trial court's decision to terminate Doe's parental rights is not supported by clear and convincing evidence because there was no evidence admitted during either of the hearings, and the trial court erred in terminating Doe's parental rights. For these reasons, we reverse the order terminating Doe's parental rights and remand for further proceedings.

## III.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's decision to deny the motion to set aside the default, but on alternative grounds because there was not a default or default

10

judgment that could be set aside. We reverse the trial court's order entering default because Doe was not given the required three-day notice. The trial court's termination decree is reversed because it is not based on substantial and competent evidence, and we remand the case to the trial court for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.