**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 44268**

| | | |
|---|---|---|
| In the Matter of the DOE CHILDREN, Children Under the Age of Eighteen Years. | ) ) | |
| -------------------------------------------------------- | ) | |
| JOHN DOE I and JANE DOE I, | ) | Boise, October 2016 Term |
| | ) | |
| Petitioners-Respondents, | ) | 2016 Opinion No. 125 |
| v. | ) | |
| | ) | Filed: November 3, 2016 |
| JANE DOE II (2016-23), | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Respondent-Appellant. | ) | |
| _____ | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Payette County. Hon. Brian D. Lee, Magistrate Judge.

The order of the magistrate court is affirmed.

Timothy Shane Darrington, Weiser, for appellants.

Law Office of John Alegria, Boise, for respondent. John Alegria argued.

_____

BURDICK, Justice

Jane Doe (Mother) brings this expedited appeal from the Payette County Magistrate Court, which terminated her parental rights to her two children, M.S. and I.P. On appeal, Mother contends the magistrate erred by concluding she (1) abandoned M.S. and I.P. by failing to maintain a normal parental relationship, and (2) neglected M.S. and I.P. by failing to provide proper parental care. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns Mother's parental rights to her two children, M.S. and I.P. Jane Doe I and John Doe I (Respondents) are the paternal great-grandparents of M.S. and I.P. Respondents started caring for M.S. and I.P. in late 2010. At that time, Respondents witnessed Mother unable

1

to hold steady employment and a permanent residence, which forced Mother to "leav[e] [M.S. and I.P.] with people all the time." Additionally, Father (Respondents' grandson) had recently moved out-of-state and largely severed contact with M.S. and I.P. Respondents became concerned about the well-being of M.S and I.P. Consequently, Respondents began hosting M.S. and I.P at their home, offered to let Mother move in with them, and regularly gave Mother money to buy groceries.

For reasons unclear, the Idaho Department of Health and Welfare (IDHW) took M.S. and I.P. from Mother in January 2011 and placed M.S. and I.P. with Respondents, who live in Payette. Respondents were awarded guardianship in April 2011 and have since cared fulltime for M.S. and I.P. Mother was awarded supervised visitation in 2012, but after missing approximately 14 visits, Mother's supervised visitation rights were terminated in 2014. Respondents observed the visits Mother did attend and concluded Mother "is a good playmate, but as far as taking care of their needs, their wants, she just don't [sic] seem to have the capacity to do so."

Since Respondents were awarded guardianship in April 2011, Mother has been minimally involved with parenting M.S. and I.P. Specifically, Mother has failed to (1) provide financial support to M.S. and I.P.; (2) help Respondents "cover the cost of keeping [M.S. and I.P.]"; and (3) "[c]over expenses of any kind." Mother's passive role is partly explained by the fact that, from April 2015 to October 2015, she served time in jail for aggravated assault. But even since her release from jail in October 2015, Mother has had only minimal contact with M.S. and I.P. From October 2015 to April 2016, Mother made approximately five phone calls and five visits to M.S. and I.P. Apparently, Mother has no driving privileges and is thus limited in her ability to travel from the Boise/Nampa[1] area to visit M.S. and I.P. in Payette.

In November 2014, Respondents filed a petition to terminate Mother's parental rights to M.S. and I.P and for adoption. Respondents amended the petition in January 2015, seeking to also terminate Father's parental rights. Father accepted service, but he never appeared. The magistrate held a bench trial on the issue of terminating parental rights, leaving the adoption issue for another day. Mother did not personally appear at trial, but appeared through counsel.[2] At trial, Respondent Jane Doe I, the only witness, testified to the above facts. The magistrate

---

[1] Mother's place of residence appears to alternate between Boise and Nampa.
[2] At the outset of trial, the magistrate noted as follows: "[T]he mother of the children, is not here today, has not maintained communication with [her attorney]. She did make an answer in the case, but she's not really participated in the case since having done that, or at least for a long time."

concluded Mother and Father had both abandoned and neglected M.S. and I.P. The magistrate further concluded terminating Mother's and Father's parental rights was in the best interests of M.S. and I.P. Thereafter, the magistrate entered an order terminating Mother's and Father's parental rights. Mother timely appeals.

## II. ISSUES ON APPEAL

1.      Does clear and convincing evidence establish abandonment?

2.      Does clear and convincing evidence establish neglect?

## III. STANDARD OF REVIEW

Under "Idaho Code section 16-2005(1), a court may terminate parental rights if it finds that doing so is in the best interests of the child and that at least one of five grounds for termination is satisfied." *In re Doe (2014-23)*, 157 Idaho 920, 923, 342 P.3d 632, 635 (2015). "The grounds for terminating a parent-child relationship must be proved by clear and convincing evidence." *In re Doe (2013-15)*, 156 Idaho 103, 105–06, 320 P.3d 1262, 1264–65 (2014); *see also* I.C. § 16-2009. "Clear and convincing evidence is evidence that indicates the thing to be proved is highly probable or reasonably certain." *In re Doe (2014-17)*, 157 Idaho 694, 699, 339 P.3d 755, 760 (2014). "This Court must 'conduct an independent review of the magistrate court record, but must draw all reasonable inferences in favor of the magistrate court's judgment, as the magistrate court has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties.' " *In re Doe (2014-23)*, 157 Idaho at 923, 342 P.3d at 635 (quoting *Doe v. Doe*, 150 Idaho 46, 49, 244 P.3d 190, 193 (2010)).

## IV. ANALYSIS

Mother challenges the termination of her parental rights by contending clear and convincing evidence establishes neither abandonment nor neglect.[3]

**A.      Clear and convincing evidence establishes abandonment.**

Mother contends the magistrate erred by concluding she abandoned M.S. and I.P. Idaho Code section 16-2002(5) provides as follows:

---

[3] We note that Idaho Code section 16-2005(1) requires analysis as to the best interests of the children before parental rights may be terminated. However, because Mother makes no argument on appeal as to the magistrate's analysis of the best interests of M.S. and I.P., we do not address the best interests of M.S. and I.P.

"Abandoned" means the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. Failure of the parent to maintain this relationship without just cause for a period of one (1) year shall constitute prima facie evidence of abandonment under this section; provided however, where termination is sought by a grandparent seeking to adopt the child, the willful failure of the parent to maintain a normal parental relationship as provided herein without just cause for six (6) months shall constitute prima facie evidence of abandonment.[4]

Thus, abandonment may arise in the absence of "reasonable support or regular personal contact." I.C. § 16-2002(5). "The word 'or' is a disjunctive particle used to express an alternative. Thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure." *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010) (citation omitted). "There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case." *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010).

Here, the magistrate held that clear and convincing evidence established Mother abandoned M.S. and I.P. by "failing to maintain a normal Parental Relationship with them." The magistrate specifically found that Mother failed to provide reasonable support and articulated the following findings:

> The testimony is that [Mother] reports to being employed. The testimony also is that [Jane Doe I] is somewhat skeptical about whether [Mother] actually is employed in that period of time because at least on one occasion the claim of employment, there was some follow-up done that suggested that may not have ever existed.
> So it's difficult for this Court to say exactly what [Mother's] financial resources are, but she self reports that she has something, she is employed and so would have some financial resources.

---

[4] Respondents cite the six-month provision in their brief, but they provide no authority that "grandparent" as used in Idaho Code section 16-2002(5) includes "great-grandparent." We do not address that issue because the magistrate's findings focus on Mother's lack of personal contact and reasonable support during the preceding one-year period. For instance, the magistrate noted that Mother "certainly failed to maintain a normal parental relationship, but more generally, she's failed to act as a parent, at least over the last year, and as I understand the testimony, for much, much longer than that." Similarly, the magistrate clarified that "[s]o [Mother] made five phone calls and maybe had five visits or so. Is that a fair kind of estimation over the last year?" And, "[s]o over the last year, she may have had 10 contacts with the kids?" Accordingly, we do not address whether "grandparent" as used in Idaho Code section 16-2002(5) includes "great-grandparent" because the magistrate focused on Mother's lack of personal contact and reasonable support during the preceding one-year period.

The Court cannot determine the scope of that, but the testimony is that she provides no support.

So even under the most modest of circumstances, even if her employment was sporadic and limited and very low paid, she would have some available to provide some support of some kind, and she's failed to do that.

Yet, even though the magistrate found that Mother was "employed and so would have some financial resources," testimony at trial showed as follows:

THE COURT: Does she support the children financially? Does she provide resources --
[Jane Doe I]: No.
THE COURT: -- to help?
[Jane Doe I]: No.
THE COURT: Cover any expenses of any kind?
[Jane Doe I]: Pardon?
THE COURT: Does she provide resources to you or your husband to help --
[Jane Doe I]: No.
THE COURT: -- cover the cost of keeping the children?
[Jane Doe I]: No.

In fact, Mother "never bought [M.S. and I.P.] anything except some toys, little stuff."

On appeal, Mother does not contend she provided reasonable support. Mother asserts instead that the lack of reasonable support is supported by just cause because the evidence showed only that "Mother *may* have been working at some time in the past," but did not conclusively establish she in fact was able to provide reasonable support. Granted, testimony at trial showed Mother gave conflicting accounts as to her status of employment. However, one-month before trial, Mother reported that she was employed at "D & A Glass." Because that testimony was not rebutted, we conclude the magistrate did not err by determining that Mother had at least some financial ability to provide reasonable support, but failed to do so. *See, e.g.*, *In re Doe (2014-22),* 157 Idaho 955, 958, 342 P.3d 667, 670 (2015) ("It is the province of the trial court to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence." (citation omitted)).

We affirm that clear and convincing evidence establishes Mother abandoned M.S. and I.P. by failing to provide reasonable support without just cause. Although the magistrate further held that Mother's lack of personal contact also established abandonment, we do not address that issue because the lack of reasonable support, by itself, establishes abandonment.

5

**B.      Clear and convincing evidence establishes neglect.**

Mother contends the magistrate erred by concluding she neglected M.S. and I.P. In relevant part, Idaho Code section 16-1602(31) defines a "neglected" child as one:

(a) Who is without proper parental care and control, or subsistence, medical or other care or control necessary for his well-being because of the conduct or omission of his parents, guardian or other custodian or their neglect or refusal to provide them; however, no child whose parent or guardian chooses for such child treatment by prayers through spiritual means alone in lieu of medical treatment shall be deemed for that reason alone to be neglected or lack parental care necessary for his health and well-being, but this subsection shall not prevent the court from acting pursuant to section 16-1627, Idaho Code[.]

The magistrate concluded Mother neglected M.S. and I.P. by failing to provide "meaningful support." The magistrate specifically reasoned as follows:

As to neglect, neglect is, the statute for describing neglect is out of the Child Protection Act at 16-1602(25), and it describes a child that was without the proper parental care and control or assistance, education, medical, control necessary for that child's well-being.
Well, the testimony is in this case that [Mother] is doing none of those things. She's not providing any parental care of any kind relating to education, medications, subsistence, [M.S.'s and I.P.'s] well-being. So the testimony reflects an absolute neglect of [M.S. and I.P.], as well as an abandonment as to [Mother].
This Court finds both of those things to be true by clear and convincing evidence.

Mother's argument as to neglect is rather conclusory. She contends "there was no evidence of neglect on the part of Mother." She then cites to *In re Baby Doe*, 130 Idaho 47, 53, 936 P.2d 690, 696 (Ct. App. 1997), where neglect was found when, during the first 4.5 months of the child's life: (1) the father and the child were homeless; (2) the father laced the child's nursing bottle with alcohol; (3) the father left the child for six days with a woman who the father had never met; and (4) the child suffered a human bite and was described as "look[ing] unhealthy." Based on those facts, the court reasoned that "the father exhibited an inability to provide for the child's welfare by failing to maintain a stable lifestyle, with steady employment and a home." *Id.* at 54, 936 P.2d at 697. As such, the court found clear and convincing evidence of neglect. *Id.*

We conclude the magistrate did not err by finding neglect. To be sure, Mother is correct that some facts in this case are not as jarring as the facts in *In re Baby Doe*, where the child's nursing bottle was laced with alcohol and the child suffered a human bite. Even so, clear and convincing evidence still establishes neglect because Mother failed to provide proper parental

6

care. Similar to *In re Baby Doe*, Mother was homeless and had a difficult time keeping a job and permanent residence. Since M.S. and I.P. have been in Respondents' care, Mother has not (1) provided any resources to help M.S. and I.P.; (2) covered expenses "of any kind"; and (3) covered "the cost of keeping [M.S. and I.P.]" Thus, we affirm that clear and convincing evidence establishes neglect because Mother has provided no parental care.

## V. CONCLUSION

We affirm the termination of Mother's parental rights because clear and convincing evidence establishes both abandonment and neglect. Costs to Respondents.

Chief Justice J. JONES and JUSTICES EISMANN, W. JONES and HORTON, **CONCUR.**

7