**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45539**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 4, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STANLEY PHILLIP SWEET, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Jeff M. Brudie, District Judge. Hon. Justin W. Julian, Magistrate.

Order of the district court, on intermediate appeal from the magistrate's denial of motion to suppress and motions for judicial notice, <u>affirmed</u>.

Kootenai County Public Defender's Office; J. Lynn Brooks, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Stanley Phillip Sweet appeals from the district court's intermediary appellate decision affirming two decisions by the magistrate to deny Sweet's: (1) motion to suppress, and (2) motions to take judicial notice. Because the district court did not err when it affirmed the magistrate's decision to deny Sweet's motion to suppress and motions to take judicial notice, we affirm the decision of the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The district court's findings of fact have not been shown to be erroneous and we adopt them on appeal. The facts and procedural history are summarized as follows:

1

Sweet was involved in a physical altercation with his ex-girlfriend during a high school football game. A police officer was dispatched to the scene and, after interviewing several witnesses, the officer arrested Sweet for domestic battery in the presence of a minor child. The officer transported Sweet to jail where Sweet was processed. Afterwards, the officer served Sweet with a citation for domestic battery in the presence of a minor child, and the officer provided an explanation of the charge. Sweet was not advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). During the conversation with the officer, Sweet made incriminating statements.

Sweet filed a motion to suppress his statements. Sweet also filed two motions to take judicial notice of previous court opinions in which judges had commented on the ex-girlfriend's untruthful statements. During the hearing on the motion to suppress, the magistrate heard contradicting evidence. Sweet testified he made incriminating statements after the officer asked "what happened up there?" In contrast, the officer testified he purposely did not ask Sweet any questions regarding the incident because Sweet had previously filed a complaint against the officer and the officer was concerned that any interrogation could present a potential conflict. The magistrate denied Sweet's motion to suppress. The magistrate determined no interrogation had occurred and explained it found the officer's depiction of the conversation more credible than Sweet's depiction. The magistrate also concluded the previous court opinions regarding the ex-girlfriend's truthfulness were not appropriate for judicial notice and, therefore, the magistrate denied Sweet's motions for judicial notice.

A jury found Sweet guilty of domestic battery in the presence of a minor child. The magistrate sentenced Sweet to ninety days with eighty days suspended and placed Sweet on probation for two years. Sweet appealed to the district court. The district court affirmed the magistrate's decision. Sweet timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415,

2

224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

Sweet raises two issues on appeal. First, Sweet argues the district court erred when it affirmed the magistrate's decision to deny Sweet's motion to suppress. Second, Sweet argues the district court erred when it affirmed the magistrate's decision to deny Sweet's motions to take judicial notice.

### A. The District Court Did Not Err When It Affirmed the Magistrate's Decision to Deny Sweet's Motion to Suppress

Sweet contends the district court erred when it affirmed the magistrate's decision to deny Sweet's motion to suppress. Sweet sought to suppress incriminating statements he made to the officer while at the jail. Sweet argued to the magistrate that his conversation with the officer was a custodial interrogation requiring *Miranda* warnings. The magistrate disagreed and ruled there was no interrogation while Sweet was in custody. The district court affirmed the magistrate's decision, which Sweet contests on appeal.[1]

To protect the Fifth Amendment privilege against compulsory self-incrimination, police must inform individuals of their right to remain silent and their right to counsel, either retained or appointed, before undertaking a custodial interrogation. *Miranda*, 384 U.S. at 467-68. These warnings have been deemed necessary as a prophylactic measure to secure the Fifth Amendment privilege because "without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Id.* at 467. The initial determination of custody depends on the

---

[1] The magistrate's ruling explicitly stated Sweet was in custody when he made incriminating statements to the officer. The State does not challenge the magistrate's determination that Sweet was in custody. Therefore, the only issue on appeal is whether Sweet was interrogated while in custody such that *Miranda* warnings were required.

3

objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would have understood his or her situation. *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984); *State v. Myers*, 118 Idaho 608, 611, 798 P.2d 453, 456 (Ct. App. 1990).

A court must consider all of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). Factors to be considered may include the degree of restraint on the person's freedom of movement, whether the subject is informed that the detention is more than temporary, the location and visibility of the interrogation, whether other individuals were present, the number of questions asked, the duration of the interrogation or detention, the time of the interrogation, the number of officers present, the number of officers involved in the interrogation, the conduct of the officers, and the nature and manner of the questioning. *See Berkemer*, 468 U.S. at 441-42; *James*, 148 Idaho at 577-78, 225 P.3d at 1172-73. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *James*, 148 Idaho at 577, 225 P.3d at 1172.

Here, the State does not challenge that Sweet was in custody, only that there was no interrogation. Sweet argues he was subjected to interrogation while in custody at the jail, either as a result of express questioning by the officer or, in the alternative, by the functional equivalent of express questioning. The express questioning, according to Sweet, occurred when the officer allegedly asked Sweet "what happened" or "what happened up there" after Sweet was booked into jail. Sweet contends these questions amount to an interrogation while Sweet was in custody, and thus, required *Miranda* warnings. However, Sweet's testimony at the suppression hearing was contradicted by the police officer, who testified he did not ask Sweet any questions. The magistrate addressed Sweet's contentions in its ruling on Sweet's motion to suppress. After considering the contradicting testimony from Sweet and the officer, the magistrate determined the officer provided more reliable testimony about the events in question. In its ruling denying Sweet's motion to suppress, the magistrate concluded the officer made a conscious decision to not interrogate Sweet and, thus, any incriminating statement was a result of Sweet spontaneously giving his side of the story.

4

Sweet fails to establish that the magistrate erred in its determination that the officer did not expressly question Sweet. While we conduct an independent review of the magistrate court record, we must draw all reasonable inferences in favor of the magistrate court's judgment because the magistrate has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive, and to judge the character of the parties. *Doe I v. Doe II*, 161 Idaho 532, 535, 387 P.3d 785, 788 (2016). On appeal, Sweet merely references the testimony from the hearing. Sweet's testimony, which declared the officer asked Sweet "what happened" or "what happened up there," was contradicted by the officer's testimony. Sweet's argument on appeal does not demonstrate that the magistrate erred in its ruling. Because we defer to the magistrate in its evaluation of the witnesses, and because Sweet fails to show how the magistrate erred when it determined the officer's testimony was more credible than Sweet's testimony, we are not convinced Sweet was subjected to express questioning.

Alternatively, Sweet argues the conversation between the officer and Sweet at the jail amounted to the functional equivalent of interrogation, even if there was no express questioning. The safeguards of *Miranda* warnings come into play when a person in custody is subject to either express questioning or the functional equivalent of interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). Interrogation therefore includes express questioning, as well as any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Id.* at 301.

In this case, testimony at the suppression hearing indicates the officer approached Sweet at the jail and conversed with Sweet regarding the citation for domestic battery in the presence of a minor child. The officer also explained why Sweet was receiving the citation and why Sweet's ex-girlfriend was not receiving a citation. On appeal, Sweet argues this conversation should be considered the functional equivalent of interrogation because the officer should have known the conversation was reasonably likely to illicit an incriminating response from Sweet. We disagree.

The officer's conversation with Sweet about the citation was not likely to elicit an incriminating response. In this case, the testimony indicates that Sweet willfully engaged in the conversation about his citation for domestic battery in the presence of minor children. There is no evidence the officer sought information from Sweet or behaved in a threatening manner.

5

After reviewing the facts and the testimony, the magistrate concluded Sweet listened to an explanation of his charges and then spontaneously explained his own version of the story.

Sweet contends that because he made an incriminating statement to the officer, the officer should have known the conversation was reasonably likely to elicit this incriminating response. Sweet's premise begets its own conclusion; a suspect's incriminating statement does not, by itself, prove interrogation occurred. Therefore, because Sweet has not shown why the officer should have known the conversation with Sweet was reasonably likely to elicit an incriminating response, Sweet fails to prove he was subjected to the functional equivalent of express questioning.

Sweet provides two final reasons why the magistrate erred. First, Sweet claims the magistrate should have questioned the credibility of the officer's testimony. For support, Sweet discusses the officer's body camera, which was not activated during the officer's discussion with Sweet. Sweet asserts the magistrate erred because, in judging the credibility of the witnesses, the magistrate failed to consider the officer's decision to not use the body camera. We are not persuaded by Sweet's argument on appeal since we draw all reasonable inferences in favor of the magistrate and there is no evidence the magistrate failed to consider the issue of the body camera when evaluating the officer's testimony.

Finally, Sweet argues the magistrate erred because it made a ruling based on its own beliefs, rather than the evidence in the record. Sweet takes issue with the following statement made by the magistrate at the hearing on the motion to suppress:

> I would also note that the sequence of events is not what I would con--what I would expect if interrogation were to occur. Interrogation usually occurs so that the police can get some facts to then charge someone and the undisputed portion of this is that both--both the officer and Mr. Sweet agree that the charge was written out and he was charged and handed the charging documents and the allegation is then he asked an an [sic] interrogation question of what happened. Well, it's not impossible, but again it's unlikely that an officer does that, because they try to find out what happened before they hand somebody the charging document.

We fail to see how the magistrate erred in this regard. In order to rule on Sweet's motion to suppress, the magistrate was tasked with determining whether interrogation occurred in this case. Sweet and the officer presented conflicting testimony of the events in question and, thus, the magistrate was forced to make a determination regarding the testimony and credibility of the witnesses. The challenged portion of the hearing is not clear error, since it displays the rationale

6

of the magistrate in making a ruling. We view the magistrate's language as an explanation of its ruling, and we do not consider the explanation to be clear error, as Sweet claims.

Sweet has failed to establish he was subject to express interrogation or the functional equivalent thereof. Additionally, there is substantial and competent evidence to support the magistrate's findings of fact regarding the credibility of the witnesses and the magistrate's conclusions followed from those findings. The district court affirmed the magistrate's decision, and we affirm the decision of the district court regarding Sweet's motion to suppress.

**B.     The District Court Did Not Err When It Affirmed the Magistrate's Decision to Deny Sweet's Motions to Take Judicial Notice**

Sweet argues the magistrate abused its discretion when it denied Sweet's two motions to take judicial notice. The first motion involved Sweet's request for the magistrate to take judicial notice of the memorandum opinion and order in Boundary County which dealt with child custody and child support issues involving Sweet and his ex-girlfriend. The second motion involved Sweet's request for the magistrate to take judicial notice of the opinion on partial new trial, which also concerned the custody dispute between Sweet and his ex-girlfriend. Specifically, Sweet wanted the magistrate to take judicial notice of two custody decisions which described Sweet's ex-girlfriend as deceptive and manipulative.

A court's decision to take judicial notice of an adjudicative fact is a determination that is evidentiary in nature and is governed by Idaho Rule of Evidence 201. *Newman v. State*, 149 Idaho 225, 226, 233 P.3d 156, 157 (Ct. App. 2010). At the time of Sweet's motions, Idaho Rules of Evidence 201 read in relevant part:[2]

> (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
> . . . .
> (d) When mandatory. When a party makes an oral or written request that a court take judicial notice of records, exhibits or transcripts from the court file in the same or a separate case, the party shall identify the specific documents or items for which the judicial notice is requested or shall proffer to the court and serve on all parties copies of such documents or items. A court shall take judicial notice if requested by a party and supplied with the necessary information.

---

[2]     Idaho Rule of Evidence 201 was amended since Sweet filed his motions to take judicial notice. Any reference we make to I.R.E. 201 will correspond to the version at issue in this case.

7

We review lower court decisions admitting or excluding evidence under the abuse of discretion standard. *Dachlet v. State*, 136 Idaho 752, 755, 40 P.3d 110, 113 (2002). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Sweet sought to challenge the credibility of his ex-girlfriend. In two separate motions, Sweet requested the magistrate take judicial notice of two different and unrelated opinions in which a magistrate opined that Sweet's ex-girlfriend was deceptive and manipulative. The magistrate denied Sweet's motions. At the hearing on the matter, the magistrate explained it does not take judicial notice of facts such as an ex-girlfriend's character. The magistrate was willing to take judicial notice of the custody determinations that resulted from the two custody opinions, if the parties found them relevant to the current case. On appeal, Sweet asserts that the magistrate's refusal to take judicial notice of the requested opinions was an abuse of discretion. We disagree.

First, an opinion regarding the character of Sweet's ex-girlfriend is not an adjudicative fact. An adjudicative fact is defined as a "controlling or operative fact, rather than a background fact; a fact that is particularly related to the parties to a proceeding and that helps the tribunal determine how the law applies to those parties." *Black's Law Dictionary* 709 (10th ed. 2009). The character of Sweet's ex-girlfriend was used in the custody cases to explain the custody determination and the magistrate's decision not to award a new trial. The character of the ex-girlfriend, therefore, was not a controlling or operative fact, and it would not help a court determine how to apply the law.

Second, the character of Sweet's ex-girlfriend is not the nature of information that warrants judicial notice. As I.R.E. 201(b) states, a judicially noticed fact must be one not subject to reasonable dispute. An opinion that a party is deceptive is not the type of fact that is either generally known or capable of accurate and ready determination. Thus, the character of Sweet's ex-girlfriend does not satisfy the requirements of I.R.E. 201(b).

Finally, Sweet fails to show how the magistrate abused its discretion. There is no evidence the magistrate failed to perceive the issue as one of discretion, failed to act within the

boundaries of such discretion and consistently with any applicable legal standards, or failed to reach its decision by an exercise of reason. On the contrary, the magistrate heard arguments on the motions, addressed relevant legal standards, and explained its reasoning to the parties. The magistrate determined it was not appropriate to take judicial notice of the content of the two custody opinions, which included the explanations that Sweet's ex-girlfriend was deceptive. Sweet has not shown how the magistrate abused its discretion in this regard.

## IV.

## CONCLUSION

Because the district court did not err when it affirmed the magistrate's decision to deny Sweet's motion to suppress and motions to take judicial notice, we affirm the decision of the district court.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.